# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

| BOSTON | BOSTON DISTRICT COURT |
|---|---|
| | Docket Number: |

| | |
|---|---|
| MOMPATI MARUPING,<br><br>*PLAINTIFF*<br><br>VS:<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>*DEFENDANT* | **COMPLAINT** |

1. The Plaintiff, MOMPATI MARUPING, is an individual residing at 5 Cheever Court, East Boston, MA 02128.

2. Defendant ENHANCED RECOVERY COMPANY, LLC ("ERC") is an entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 8014 BAYBERRY ROAD, JACKSONVILLE, FL 32256. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

3. This is an action for damages brought by an individual consumer for breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

4. Defendant ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)

6. Plaintiff restates and incorporates each of the allegations of paragraphs 1-5.

7. Defendant ENHANCED RECOVERY COMPANY, LLC ("ERC") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to BARCLAYS BANK DELAWARE ("BARCLAYS").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. On or about May 9, 2016, Plaintiff and BARCLAYS entered into a settlement agreement for Plaintiff's BARCLAYS account ending in 0960. A copy of the settlement agreement is attached herein as <u>Exhibit A</u>.

10. Pursuant to the terms of the settlement, Plaintiff was required to make four (4) monthly payments totaling $3,878.00 to settle and close his account.

11. Plaintiff, via his debt settlement company, DMB Financial ("DMB") timely made the first two requisite settlement payments. Proof of these payments are attached herein as <u>Exhibit B</u>.

12. However, BARCLAYS accepted and cashed only two of the four payments. Although, Plaintiff and DMB timely made the next settlement payment available, BARCLAYS refused to accept this payment, nor any future payment, thereby breaching the parties' agreement.

13. Thereafter, Plaintiff received a dunning letter dated June 5, 2017 from Defendant attempting to collect on his account in disregard of the previous settlement agreement between Plaintiff and BARCLAYS.

14. In this collection letter, Defendant referenced a balance of $10,352.91 on the above referenced account. A copy of the collection letter is attached herein as <u>Exhibit C</u>.

15. As explained thoroughly above, this collection letter was a false misrepresentation of the debt.

16. As a result, Plaintiff has suffered actual and monetary damages.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

19. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

20. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

21. Defendant violated this provision by collecting on a debt from Plaintiff despite being aware that the account was already settled, and attempting to deceptively recover additional monies from Plaintiff.

22. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

23. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

> Mompati Maruping
> By his attorney
>
> ---
>
> Elizabeth Shealy, Esq./BBO# 658015
> 86 Preston Drive
> Cranston RI 02910
> (401) 556-0324
> ewshealy@gmail.com

# EXHIBIT A

Card Services
P.O. Box 8833
Wilmington, DE 19899-8833

Mompati Maruping
B
5 Cheever Ct
Boston, MA 02128-2804

May 9, 2016

Account Ending In 0960

Dear Mompati Maruping,

SETTLEMENT AGREEMENT

This confirms our May 09, 2016 discussion in which you agreed to a settlement offer on your Frontier Airlines MasterCard® account referenced above. We are pleased to be able to provide this opportunity for you to settle your account.

As of the date of this letter, your account balance is 11,077.35. Upon receipt of **3,878.00** by the date set forth below, which is only 35% of your current balance, we will consider your account settled, for an amount less than the full balance and will send an update to the credit reporting agencies.

Future statements will not reflect the settlement payment dates and amounts. It is important that you review the terms of the settlement agreement as outlined below.

- 05/20/2016 $1,319.00
- 06/20/2016 $853.00
- 07/20/2016 $853.00
- 08/07/2016 $853.00
- Account is closed
- There may be tax consequences as disclosed below.

**\*\* Note: If you fail to make any of the payments listed above, the proposed settlement agreement will no longer be in effect and your account will not be considered settled.\*\***

In order to process this offer, we will close your account effective immediately if it is open. Please destroy all credit cards and checks associated with this account and cancel all recurring monthly charges.

If the difference between your previous account balance and payoff amount is greater than or equal to $600.00, it may be considered taxable income. If you fall into the taxable income category, we will send your IRS Form 1099C in January of the year following your final settlement payment. Please contact a tax advisor to determine if there are any tax consequences for you as a result of the settlement. The current balance listed above is effective as of the date of this letter and is subject to change.

If you have any questions or concerns, please call us toll-free at 1-866-456-0695. Our Account Managers are available Monday through Thursday from 8 a.m. to 9 p.m., Friday and Saturday from 8 a.m. to 5 p.m., and Sunday from 5 p.m. to 9 p.m., Eastern Time.

Sincerely,

# EXHIBIT B



2016-10-26 03:1

**FEDERAL RESERVE SYSTEM**
FedACH
Item Detail

**Item Information**

| | | | |
|---|---|---|---|
| Originator ABA: | 091000019 | Account Number: | 14559243810B |
| Receiver ABA: | 101000187 | Trans Code: | 27 |
| Individual Name: | MOMPATI MARUPING | Amount: | $1,319.00 |
| Individual ID No: | 371903167 | Description: | |
| Trace Number: | 161440082940045 | | |

**Output Batch Information**

| | | | |
|---|---|---|---|
| Company Name: | BARCLAYCARD US | Batch Number: | 100 |
| Service Class: | 200 | Company ID: | 2510407970 |
| SEC Code: | TEL | Effective Entry Data: | 5/23/2016 |
| Company Entry Description: | CREDITCARD | Settlement Date: | 5/23/2016 |



2016-10-26 03:1

# FEDERAL RESERVE SYSTEM
## FedACH
### Item Detail

**Item Information**

| | | | |
|---|---|---|---|
| Originator ABA: | 091000019 | Account Number: | 145592438108 |
| Receiver ABA: | 101000187 | Trans Code: | 27 |
| Individual Name: | MOMPATI MARUPING | Amount: | $853.00 |
| Individual ID No: | 377933488 | Description: | |
| Trace Number: | 16173010391907 | | |

**Output Batch Information**

| | | | |
|---|---|---|---|
| Company Name: | BARCLAYCARD US | Batch Number: | 213 |
| Service Class: | 200 | Company ID: | 2510407970 |
| SEC Code: | TEL | Effective Entry Data: | 6/21/2016 |
| Company Entry Description: | CREDITCARD | Settlement Date: | 6/21/2016 |

# EXHIBIT C



June 06, 2017
Creditor: Barclays Bank Delaware
Product: Frontier Airlines MasterCard
Account Number: XXXXXXXXXXXX0890
Amount of Debt: $10,352.91
Reference Number: 173898201

## COLLECTION NOTICE

MOMPATI MARUPING

Our records indicate that your balance with Barclays Bank Delaware remains unpaid; therefore your account has been placed with ERC for collection efforts.

Upon receipt of your payment and clearance of funds in the amount of $10,352.91, your account will be considered paid in full and collection efforts will cease.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

View statements, pay your balance, and manage your account online at [...]

Telephone: 800-631-6702 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to ERC PO Box 57610 Jacksonville FL 32241

Office Hours (Eastern Time) Mon-Thurs 8:00 am–11:00 pm, Fri 8:00 am–10:00 pm, Sat 8:00 am–6:00 pm

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**
NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS

Please do not send correspondence to this address
P O BOX 1259, Dept 98898
Oaks, PA 19456





June 05, 2017                    Reference Number     Amount of Debt
                                 173898201            $10,352.91

MOMPATI MARUPING                 ERC
5 CHEEVER CT # B                 P O Box 25678
BOSTON MA 02128-2804             Jacksonville FL 32241-3870

# Commonwealth of Massachusetts

SUFFOLK, ss.

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT
EAST BOSTON DIVISION

Mompati Maruping
_____,
PLAINTIFF(S),

CIVIL No. 1705CV000187

v.

**SUMMONS**

Enhanced Recovery Company, LLC
_____,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO __Enhanced Recovery Company, LLC__ .
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the East Boston Division of the Boston Municipal Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Boston Municipal Court Department, East Boston Division, 37 Meridian Street, East Boston, MA 02128" and to the individual below:

__Elizabeth W. Shealy, Esq.__ , at __86 Preston Drive, Cranston, RI 02910__ .
(name of Plaintiff or Plaintiff's attorney)        (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 6/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. John E. McDonald, Jr., First Justice on _____, 20____.

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**
(for use by person making service)

On _____, 20__, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address): _____

(signature) _____
(name and title) _____

☐ In hand
(address) _____

☐ Other

*Please place date you make service in this box and on copy served on defendant and return original to this Court:* [        ]

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 6/2015